IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEXAS CARPENTERS AND MILLWRIGHTS HEALTH AND WELFARE FUND, § § § § Plaintiff § § VS. § ODOM CONSTRUCTION SYSTEMS, LLC, § § Defendant § | CIVIL ACTION NO. |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund, hereinafter referred to as "Plaintiff," or "Trust Fund," complain of and against Odom Construction Systems, LLC hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION

1. This is a cause of action for the collection of certain principal sums, interest and fees, by Trustees of an employee welfare benefit plan to secure performance by an employer for specific statutory and contractual obligations to submit contribution reports and to pay delinquent employer contribution payments, interest and fees thereon. This Complaint alleges that by failing, refusing or neglecting to submit to a full payroll audit as required under the respective Agreement and Declaration of Trust of Plaintiff's Trust in order to confirm accurate and timely payment and reporting of employer contributions, plus interest and liquidated damages thereon to the Plaintiff's Fund, Defendant violated a Collective Bargaining Agreement, the Fund's

1

Participation and Trust Agreement, and the Employee Retirement Income Security Act of 1974, as amended.  Plaintiff, Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund, also requests a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit to a payroll audit and based upon the results of that audit, remit all delinquent employer contribution reports and pay all delinquent employer contributions to Plaintiff's employee welfare benefit plan, plus interest, liquidated damages, attorneys' fees and costs of court in order to prevent irreparable harm to the Fund and Defendant's employees and its beneficiaries and dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq.*), hereinafter called the "LMRA."

## JURISDICTION

2.    Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended.  Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question.  Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce.  Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiff's Collective Bargaining Agreement with Defendant.

## VENUE

3.    Venue properly lies within the Southern District of Texas, Houston Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)].  Service of process may

be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4.     **Plaintiff, Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund**, ("Welfare Fund") is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund is authorized to maintain a law suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Texas Carpenters and Millwrights Health and Welfare Fund is to provide health and welfare benefits to eligible participants and its dependents on whose behalf employers contribute under the Collective Bargaining Agreement with the Carpenters and Millwrights Local Unions in the vicinity. The Texas Carpenters and Millwrights Health and Welfare Fund is administered by Zenith American Solutions, with an office at 9555 W. Sam Houston Parkway S., Suite 400, Houston, Texas 77099.

5.     **Defendant, Odom Construction Systems, LLC**, is a company residing and doing business in Knoxville, Knox County, Tennessee and doing business in Pasadena, Harris County, Texas within the jurisdiction of Plaintiff's Fund. Odom Construction Systems, LLC is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act. Odom Construction Systems, LLC's registration is revoked in the State of Texas, and therefore may be reached for service of process by serving the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

## FACTS

6. Defendant executed and delivered a written collective bargaining agreement dated effective July 1, 2015 with the United Brotherhood of Carpenters Local Union 551 (among other local unions). The collective bargaining agreement provides, *inter alia* for wages, benefits and working conditions. The collective bargaining agreement sets forth the obligations of Defendant to comply with the established Plaintiff's Trust Fund wherein Defendant promised to comply with the terms and conditions as set forth therein. The negotiated contract between the Plaintiff's Trust Fund and Defendant provide for certain monetary contributions being paid into the Plaintiff's Trust Fund and are more specifically set forth in the Declarations of Trust and all amendments thereto.

7. The Trust Fund named herein is an express trust with various employers and employer associations in the carpentry and millwright industry. The trust was created and now exists subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

8. The Trust Fund Agreement provides for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees at any reasonable time.

By this agreement, Defendant promised that in the event any of the monthly contributions were not paid when due, or based upon a random sampling of contributing employers, Defendant would pay Plaintiff on account of each delinquency a sum designated as liquidated damages, and not as a penalty.

9. That by the terms of the Trust Agreement for Plaintiff Trust Fund and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area

in which it was operating or working by virtue of the agreement.  That Defendant agreed to deposit health benefit contributions each month, or at such regular intervals as may be determined by the Trustees of the Fund to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

10. That Defendant breached its agreement with Plaintiff by failing and refusing to submit requisite and timely payroll records despite repeated requests in writing since at least January 4, 2017.

11. Plaintiff would further show that several demands have been made on Defendant to submit its payroll records and forms listing all of Defendant's employees working in covered employment – not just "union" employees.

12. In order to confirm the accuracy of certain payments made and to account for those employer contributions not remitted to Plaintiff's Trust Fund, a payroll audit of Defendant's books and records is necessary, which could result in Defendant's liability for a deficiency in the payment of employer contributions plus liquidated damages, interest and attorney's fees, as hereinafter alleged.

13. That under the agreement as referred to herein above and 29 U.S.C. Section 1132, Plaintiff is additionally entitled to interest at the rate not to exceed twenty percent (20%) per annum of the principal deficient amount from the date the monies were due Plaintiff and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiff.

14. Plaintiff is authorized to collect, on behalf of the Local Union sponsoring the Taft-Hartley employee benefit plan, working assessments and supplemental dues.  These

monetary amounts have been contracted for by and between Defendant and the Local Unions of the Central South Carpenters Regional Council and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiff's Fund for distribution to the Local Union. Defendant's failure to submit to a payroll audit thwarts Plaintiff's efforts to verify payments of working assessments and supplemental dues for the period July 1, 2015 through the present.

15. Plaintiff Trust Fund relies on payroll audits to verify that employer contributions are accurate and adequate for providing benefits to Defendant's employees and dependents.

16. There exists no prompt or adequate remedy at law to redress the violation of ERISA as set forth herein above.

17. It has been necessary for Plaintiff to engage the law firm of Conner & Winters, LLP, for the purpose of enforcing the payroll audit requirements of the Plaintiff's Trust and ultimately for recovering the employer contributions and damages required by the above-referenced agreement and seeking injunctive relief and Plaintiff is entitled to actual attorney's fees in connection therewith. In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages and costs of court and, in accord with the law, Plaintiff seeks and demands payment thereof.

18. Plaintiff has performed all conditions precedent on its part to be performed under the terms of the aforementioned agreement.

19. A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendant, as follows:

a. Plaintiff shall be entitled to full access of Defendant's payroll records for purposes of completing a payroll audit for the period July 1, 2015 through the date of the audit.

b. That upon completion of the payroll audit of Defendant's payroll records, Plaintiff shall be entitled, to the full amount due and owing the Texas Carpenters and Millwrights Health and Welfare Fund;

c. That Plaintiff be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

d. That Plaintiff be awarded accrued pre-judgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

e. That Plaintiff be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trust Agreement, in an amount not to exceed 20% of the contributions due;

f. That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions now due to the Texas Carpenters and Millwrights Health and Welfare Fund immediately;

g. That an Order permanently enjoining Defendant and its agents, directors, officers, successors and assigns, for so long as it remains obligated to contribute to Plaintiff Texas Carpenters and Millwrights Health and Welfare Fund from failing, refusing or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

h. That Plaintiff be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

i. That Plaintiff be awarded all costs of Court incurred herein; and

  j.  That Plaintiff be awarded such other and further relief as the Court deems just.

              Respectfully submitted,

               /s/ Douglas M. Selwyn
              Douglas M. Selwyn
              S.D. TX No. 507
              State Bar No. 18022250
              dselwyn@cwlaw.com
              Ashley L. Selwyn
              S.D. TX No. 2276925
              State Bar No. 24088390
              aselwyn@cwlaw.com
              808 Travis Street, 23rd Floor
              Houston, Texas 77002
              Telephone: (713) 650-3850
              Facsimile: (713) 650-3851

              ATTORNEYS IN CHARGE FOR PLAINTIFF

OF COUNSEL:
CONNER & WINTERS, LLP
808 Travis Street, 23rd Floor
Houston, Texas 77002